**IN RE: Donald D. BEDELL, Janice R. Bedell, Debtors.**

**Case No. 03–10509**

United States Bankruptcy Court, D. Kansas.

Signed February 2, 2017

David G. Arst, Arst & Arst, P.A., Wichita, KS, for Debtors.

## ORDER DISMISSING MOTION TO REOPEN CASE FOR LACK OF SUBJECT MATTER JURISDICTION

Robert E. Nugent, United States Bankruptcy Judge

■ Bankruptcy courts have broad discretion to reopen a closed case at a debtor's request. But a request to reopen in order to pursue litigation against an estate fiduciary appointed by another bankruptcy court crosses the boundaries of that discretion because the *Barton* doctrine holds that the appointing court must first authorize the debtor to seek that relief.[1] Without it, this Court lacks subject matter jurisdiction to entertain Bedell's request for relief.

Donald and Janice Bedell completed their confirmed chapter 13 plan and received a discharge in 2006. They later separated and now Mr. Bedell asks that I reopen this chapter 13 case and "interpret" the discharge order. He asserts that when the discharge order was entered, it operated to strip off a second mortgage that their chapter 13 plan declared to be wholly unsecured. Bedell was prompted to act when Sarsenstone Corporation, the successor servicer of their mortgage, threatened to foreclose the mortgage in 2015. Bedell struck first by suing Sarsenstone in Kansas state court,

---

1. *Barton v. Barbour,* 104 U.S. 126, 26 L.Ed. 672 (1881).

alleging that the threatened foreclosure was a "deceptive act" prohibited by the Kansas Consumer Protection Act.[2] That action remains pending. Bedell wants the bankruptcy case reopened so that I can "interpret" the 2006 discharge order to hold that it stripped off the wholly unsecured second mortgage. But Sarsenstone is acting as a liquidating agent for a Master Loan Pool owned by a chapter 7 estate in a case pending in the United States Bankruptcy Court for the Central District of California. Pursuant to an order of that court, Sarsenstone is the chapter 7 trustee's agent for the purpose of enforcing and liquidating the loans in the pool. Bedell did not seek the Central California court's permission to pursue either the state court case or this motion. Therefore, application of the *Barton* doctrine requires that this motion to reopen be dismissed.

### Facts

The parties stipulated to the facts in this matter.[3] They can be summarized as follows. Donald Bedell and his former wife, Janice, filed this chapter 13 case on February 7, 2003. In their chapter 13 plan, they proposed to treat JP Morgan Chase's (JPMC) $31,055 second mortgage claim against their homestead as being wholly unsecured. Homecomings Financial Network, Inc., was JPMC's servicer. The plan provided: "The value of the homestead is less than the first mortgage. The debtors consider the claim of this creditor to be totally unsecured pursuant to 11 U.S.C.

§ 506 and will treat the creditor as unsecured and pay it according to the paragraph entitled 'Unsecured Creditors.'"[4] Neither JPMC nor Homecomings objected and the plan was confirmed. The debtors never filed an adversary proceeding or a motion to strip the lien of JPMC. During administration, the second mortgage claim was classified and treated as an unsecured claim and the trustee paid JPMC $4,296.59.[5] A discharge order was issued April 28, 2006 and provided, in part, that "a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case."[6] A final decree closing this case was entered on August 1, 2006.

After discharge, JPMC assigned its mortgage to Old Canal Financial Corporation and, in April of 2007, several of Old Canal's creditors filed an involuntary bankruptcy proceeding against it in the United States Bankruptcy Court for the Central District of California.[7] Two years later, in November of 2009, that court approved a compromise between Old Canal's chapter 7 trustee and Sarsenstone Corporation, Old Canal's servicer.[8] Under the agreement, all of Old Canal's mortgages were combined into a Master Loan Pool and Sarsenstone was designated "Master Pool Trustee," to act as an agent of the chapter 7 trustee in administering, collecting, and liquidating the assets of the pool.[9] Under the approved compromise, Sarsen-

---

2. KAN. STAT. ANN. §§ 50–626 and 627 (2005 and 2015 Supp.).

3. Doc. 63, pp. 1–71 (including supporting exhibits A–Q attached to the stipulations).

4. Doc. 63, Ex. C, p. 19. Note there is no mention whatever of the lien being avoided.

5. Doc. 63, Ex. D, p. 24 and Ex. F, p. 27.

6. Doc. 63, Ex. G, p. 30.

7. *In re Old Canal Financial Corporation*, No. 07–11036 (Bankr. C.D. Cal.).

8. Doc. 63, Ex. J, pp. 35–50 and Ex. K, pp. 51–52.

9. Doc. 63, Ex. J, p. 38.

stone was to apply to the bankruptcy court "in all cases in which ... issues shall arise as to the scope of the Master Pool Trustee's powers ...."[10] The assets of the Master Loan Pool were deemed to be property of the Old Canal bankruptcy estate.[11] The Bedell mortgage was part of the Master Loan Pool.

Sarsenstone sent Bedell three demand letters, the last in January 2015, threatening to commence foreclosure proceedings while acting in its capacity as the Master Pool Trustee.[12] In April of 2015, Bedell filed an action against Sarsenstone in the District Court of Sedgwick County, Kansas, seeking recovery against Sarsenstone under the Kansas Consumer Protection Act.[13] In that action, Bedell alleged that Sarsenstone was the servicer of the mortgage and therefore a "supplier" under the Act.[14] Acting as such, Sarsenstone had attempted to enforce the mortgage which Bedell termed an "illegal lien." Sarsenstone's efforts to collect were, according to Bedell, deceptive and unconscionable acts under §§ 50–626 and 627 of the Act, all of which Sarsenstone committed while Bedell was an elder person entitled to protection under the Act. The status of this lawsuit is unclear from the stipulated record before me.

In April of 2016, Bedell filed this motion to reopen his bankruptcy case to determine whether the combined effects of the confirmed plan and discharge operated to strip the second lien from Bedell's homestead.[15] Now that I have reviewed the stipulated facts, each party's brief, and the applicable law, I conclude that Bedell's motion is barred by the *Barton* doctrine unless and until he obtains leave of the bankruptcy court in the Central District of California to litigate with the chapter 7 trustee or the trustee's agent, Sarsenstone.

Analysis

■ Courts have discretion to reopen bankruptcy cases to "accord relief to the debtor."[16] Bedell wants the case reopened for this Court to determine that the combined effect of the confirmed plan and the discharge order stripped off the second mortgage. But this motion, like the Sedgwick County litigation, is an action against the agent of a chapter 7 trustee appointed by another bankruptcy court. Before reaching its merits, I must consider whether this Court even has subject matter jurisdiction in light of the rule in *Barton v. Barbour*. In that case, the Supreme Court held that allowing a suit against a receiver appointed by another state's court without the appointing court's authority is "an usurpation of the powers and duties which belonged exclusively" to the court administering the estate.[17] The *Barton* rule recognizes that the appointing court has an administrative interest in the receiver's activities to which other courts should at a minimum defer. This also protects the receiver from a multiplicity of actions in several venues. In most Circuits,

10. Doc. 63, Ex. J, p. 39.

11. Doc. 63, Ex. J, p. 41.

12. Doc. 63, Ex. O, P, Q.

13. Doc. 63, Ex. L and M, *Bedell v. Sarsenstone Corporation et al*, Case No. 15 CV 1016 (Eighteenth Judicial District, D. Ct. of Sedgwick County, Kan); KAN. STAT. ANN. § 50–623 *et seq.*

14. *See* § 50–624(*l*) (2015 Supp.).

15. Doc. 40.

16. 11 U.S.C. § 350(b) and Fed. R. Bankr. P. 5010. *See Watson v. Parker (In re Parker)*. 264 B.R. 685, 691 (10th Cir. BAP 2001) (debtor permitted to reopen case to schedule a previously unlisted malpractice claim, and accord him relief from that claim).

17. *Barton v. Barbour*, 104 U.S. 126, 136, 26 L.Ed. 672.

including the Tenth Circuit, the Courts of Appeal have extended this doctrine to cover bankruptcy trustees or other court fiduciaries.[18]

In *Satterfield v. Malloy*, the Tenth Circuit considered whether an action for retaliatory misconduct against a chapter 7 trustee was barred by the doctrine. The plaintiff claimed the trustee had intentionally taken certain actions that were deleterious to the assets of the estate. The plaintiff claimed that these actions were *ultra vires* and thus outside the protection of the *Barton* rule. Holding for the first time in this Circuit that the doctrine protects chapter 7 trustees, the Court of Appeals stated, "*Barton* precludes suit against a bankruptcy trustee for claims based on alleged misconduct in the discharge of a trustee's official duties absent approval from the appointing bankruptcy court."[19] All of the actions taken by the trustee in *Satterfield* fell within the scope of the trustee's statutory duties and responsibilities. In further addressing the *ultra vires* exception, the Court of Appeals concluded that "[c]laims based on acts that are related to the official duties of the trustee are barred by the *Barton* doctrine even if the debtor alleges such acts were taken with improper motives."[20] Certainly Sarsenstone's attempts to enforce Bedell's mortgage fall within its duties as an agent of the chapter 7 trustee. Therefore, in order to initiate an action against the trustee in another forum or to procure this Court's determination on whether the second mortgage was stripped down and avoided by operation of the Bedell's confirmed chapter 13 plan in this case, Bedell must first obtain leave from the bankruptcy court that appointed Sarsenstone as the Master Pool Trustee and liquidating agent for the bankruptcy trustee of the Old Canal estate.[21]

The limited statutory exception to the *Barton* doctrine, found in 28 U.S.C. § 959(a), does not apply here. That provision states that trustees may be sued "without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property."[22] Numerous courts have held that this section doesn't apply where "a trustee acting in his official capacity conducts no business connected with the property other than to perform administrative tasks necessarily incident to the ... liquidation of assets in the debtor's estate."[23] As the compromise agreement appointing Sarsenstone Master Pool Trustee makes clear, Sarsenstone was acting as an agent of the California chapter 7 trustee in realizing on Master Pool Assets. It was not "conducting the business" of Old Canal. It was liquidating it. As such, attempting to foreclose mortgages in the Master Pool does not fall under the § 959(a) exception.[24]

**18.** *See Satterfield v. Malloy*, 700 F.3d 1231, 1234–35 (10th Cir. 2012).

**19.** *Id.*

**20.** *Id.* at 1236.

**21.** *Carter v. Rodgers*, 220 F.3d 1249, 1252 (11th Cir. 2000); *cert. denied* 531 U.S. 1077, 121 S.Ct. 775, 148 L.Ed.2d 673 (2001).

**22.** 28 U.S.C. § 959(a).

**23.** *Lebovits v. Scheffel, (In re Lehal Realty Assocs.)*, 101 F.3d 272, 276 (2nd Cir. 1996).

*See also Satterfield v. Malloy*, 700 F.3d 1231, 1237–38; *In re VistaCare Group, LLC*, 678 F.3d 218, 227–28 (3rd Cir. 2012); *Muratore v. Darr*, 375 F.3d 140, 144–45 (1st Cir. 2004); *Carter v. Rodgers*, 220 F.3d 1249, 1254.

**24.** In dismissing this Motion, I express no opinion about the efficacy or the merits of Bedell's intended request to "explain the dispute and to obtain a ruling from [this] Court interpreting the meaning of the referenced language of the Discharge Order." *See* Doc. 40.

Bedell still needed to get the permission of the United States Bankruptcy Court for the Central District of California to assert an action adverse to its trustee in his bankruptcy case. Without it, this Court lacks subject matter jurisdiction of this matter.[25] His motion to reopen must be dismissed without prejudice to his bringing it again, if and when he receives permission from the Central District of California Bankruptcy Court to do so.

**SO ORDERED.**

---

25. The *Barton* doctrine is jurisdictional in nature; thus, dismissal under *Barton* should be made pursuant to Fed. R. Civ. P. 12(b)(1). *Barton,* 104 U.S. at 131; *Satterfield, supra* at 1234.